IRVY MYERS, PROSECUTOR, v. STATE OF NEW JERSEY AND HENRY J. GAUTSCHY, BUILDING INSPECTOR, RESPONDENTS.

Submitted October term, 1925—Decided March 5, 1926.

Ordinances—Incombustible Roofs in Fire Zones—The Enactment of Regulations to Prevent Fires Clearly a Proper Exercise of the State's Police Power—Conviction for Using Shingles to Relay a Roof in Violation of an Ordinance Limiting Repairs of Such Roofs to Twenty-five Per Cent. Sustained.

On *certiorari*, &c.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *Samuel A. Travers.*

For the respondents, *William W. Evans (Irving L. Werksman,* of counsel).

PER CURIAM.

The prosecutor of this writ was convicted before the recorder of the borough of Hawthorne of violating an ordinance of the borough, which in section 16 provides as follows:

"Every building hereafter erected within the corporate limits shall have an incombustible roof covering, and no existing wooden shingle roof, if damaged more than twenty-five per cent., shall be renewed with other than incombustible roof covering."

The evidence established that the prosecutor replaced an old shingle roof with an entire new one, also of shingles, on his residence at 196 Lafayette avenue, in Hawthorne. The house on which the roof was placed was in a section of the borough where the houses averaged one hundred feet apart. The borough contains a population of seven thousand seven hundred and sixty-five and has an area of thirteen and one-half square miles, but only a small congested section was affected by the ordinance. The shingles used were known as a perfection red shingle which the evidence showed was combustible, and this fact is not disputed.

The borough's authority to pass the ordinance is rested by the defendants on the Home Rule act of 1917, page 354, which in subdivision N of paragraph 1 of article 14 authorizes the municipality "to regulate and control the construction, erection, alteration and repair of buildings and structures of every kind."

The sufficiency of the statute to justify the present proceeding and the ordinance upon which it rests is disputed by the prosecutor, who cites cases from other states to sustain his contention. They are on different statutes, however, which do not seem to cover repairs.

We think subdivision N by its language covers the situation here presented. It is evidently intended to confer on all municipalities the power to protest the lives and property of their people against the ever-eminent danger of fire, and, within reasonable limits, to reduce this danger to the lowest point consistent with the dominion reserved to the individual owner over his property under the constitution. That the state has the power to limit the replacement of roofs with combustible materials in built-up communities we think clear. The roof is the one point of all buildings where ignition from fires is most likely to occur. If inflammable the danger is greatly magnified. Sparks lie there, and, eventually, burst into flames. From the walls they fall to the ground and die. It is common knowledge that, pre-eminently, from this source great conflagrations spread.

Having the power the state could confer a like power on municipal authorities, and, as stated, we think it has done so.

The foregoing facts and reasoning lead us also to the conclusion that the ordinance is not unreasonable or discriminatory. The houses in the section set out in the fire zone are so near together as to justify special provisions for their protection, and the prosecutor has failed to establish that there is discrimination in fixing this zone.

After conceding that if the section of the ordinance in question is a valid and proper exercise of the police power the present proceeding must fail, the prosecutor proceeds to attack the penalty imposed as exceeding the legal limit, and cites statutes and decisions prior to the act of 1917. To this the answer is that the act of 1917, at page 347, authorizes penalties of imprisonment not exceeding ninety days, or a fine not exceeding $200. The ordinance in question provides "a fine of not more than $50, and the officer before whom any person or persons offending may be brought, on conviction, shall impose a fine in the discretion of such officer, of not more than $50."

The prosecutor was convicted and sentenced to the maximum fine. Of this he cannot complain legally, nor actually, as, we think, inasmuch as he had been cautioned by the authorities against proceeding with the use of the shingles with which the roof was recovered.

The judgment will be affirmed, with costs.